Per Curiam.
 

 Kemer and wife sued Hammonds in detinue for a negro woman. Issue was joined upon the plea of
 
 non detinet
 
 in February term, 1816, and was tried at August term, 1816. A continuance was moved on the affidavit of Hammonds, stating that his claim was under Jinkins the administrator of Jinkins, who died possessed of the mother of the negro in question, who was born since the death of the intestate. That he wanted the letters of administration, and sent for them to Wythe County in Virginia, but they had not yet arrived. The counsel for the plaintiff below admitted the letters of administration, and thereupon the court ordered a trial, which otherwise would have been postponed. A verdict was given for the plaintiff below, who was now the defendant in error. A motion was made for a new trial, founded upon Hammonds’ affidavit, who says he made his affidavit for a continuance and went home, having been told by his counsel that the affidavit would certainly procure a continuance. He believes that he had a good defense,
 
 *119
 
 and will be able * to make it at next term if a new trial can be granted to him. As for a writ of error founded on a refusal to grant a continuance, under our act of 1809, ch. 49, §§ 26, 27, the power of the court extends to all cases where the court below
 
 gives judgment or makes a decision or decree.
 
 By a refusal of a continuance where it ought to be allowed, much injury may be done to the applicant. After a final judgment in the cause, this court may rectify any mistake or error which hath intervened and hath caused a material injury to either party. But the court did not
 
 err
 
 in refusing this continuance, the evidence wanted having been admitted by the adverse party. As to the motion for a new trial, besides the objection that the surprise spoken of in Hammonds’ affidavit comes from him alone, and depends upon his single affidavit uncorroborated, it states no certain cause for granting a new trial. It states a belief of the deponent in general terms, that he has a good defense and can make it at another time. His absence was not occasioned in any degree by the wrongful conduct of his adversary; shall he then make it injurious to his adversary ? No, surely. And will this court grant a new trial upon the belief of Hammonds, without knowing the particulars of the defense he is to set up, so as to judge of its effect, and of the probability there is that he will be able to produce the evidence needful to support it? Surely not. That would be to make the right of a suitor depend very much upon the credulity of his antagonist, and even upon his rashness. He ought to have stated the particulars, and then to have shown by indifferent testimony a- concurrence of circumstances, that the facts upon which it rested could he established.
 

 The new trial was properly refused. Affirm the judgment.